■ Francis Abele et al., Respondents, v. Amsterdam Housing Authority et al., Appellants, and Amsterdam Civil Service Commission, Respondent. — Appeal from a judgment of the Supreme Court, Montgomery County, granting petitioners' demand, pursuant to a proceeding authorized by section 102 of the Civil Service Law, for an order enjoining the further payment of compensation to respondent Gill. The crucial issue on this appeal is whether the position held by Gill is exempt pursuant to section 41 (subd. 1, par [c]) of the Civil Service Law. Section 41 (subd. 1, par. [c]) exempts "one secretary of each municipal board or commission authorized by law to appoint a secretary" and the Court of Appeals in *Matter of Driscoll* v. *Troy Housing Auth.* (6 N Y 2d 513) has held that, pursuant to this section and section 32 of the Public Housing Law, a housing authority has the power to appoint a secretary in the exempt class. The term "secretary" as here used does not connote a clerical worker but rather is roughly coterminous with the position of an "executive director". And since the language of section 41 is mandatory, if Gill were, in fact, acting as an "executive director" he would automatically be exempt and his appointment would be proper. The problem here is there are two possible classifications for an over-all administrator of an authority, an "executive director", which as noted is an exempt classification, and a "housing manager", which is competitive. Special Term, properly noting that it was the nature of the duties being performed and not the title given that controlled, determined that the duties performed by Gill were descriptive of those of a "housing manager" and thus that the position was competitive. While this determination is supported by the fact that the State Civil Service Commission had evaluated the duties performed and recommended that the position be titled "housing manager" and be classified as competitive and that the Amsterdam Civil Service Commission, the agency charged by law with classifying all new municipal positions (Civil Service Law, § 22), accepted this recommendation, it is clear that the Amsterdam Civil Service Commission merely accepted the recommendation at face value and at no time did it make its own comparison of the duties involved. In fact, it is evident that this commission was even operating under a misconception as to the nature of the duties performed by a secretary who is exempt under section 41 of the Civil Service Law. Moreover, the record is devoid of any basis to compare Gill's duties with either those of an executive director or a housing manager. The record contains no listing of the duties of either an executive secretary or a housing manager and the only witness called on this issue clearly did not adequately describe the difference between the duties involved in each position. Further, the standard specifica-

tions allegedly used by the State Civil Service Commission in formulating its recommendation to the Amsterdam Civil Service Commission were never introduced. Thus, on this state of the record would appear to be no basis for Special Term to have made the factual determination that Gill's duties were those of a "housing manager" and obviously no basis for this court to review that determination. Accordingly, the judgment must be reversed and the case remitted with directions that Special Term be provided with a detailed description of the duties of an "executive director" and a "housing manager" (preferably the job specifications for those positions which are supposedly on file with the State Civil Service Commission) and that on the basis thereof and in accordance with this decision, Special Term determine the proper classification of the position. We find no merit in the additional issues raised by the appellants. Judgment reversed, on the law and the facts, and matter remitted for further proceedings in accordance with this decision, with costs. Herlihy, P. J., Greenblott, Cooke, Simons and Reynolds, JJ., concur.